Newman, J.
The office of justice of the peace on January 1, 1913, ceased to be a constitutional office. Acting under the authority conferred upon it by Section 1, Article IV of the Constitution, as amended in 1912, the general assembly, by an act filed in the office of the secretary of state April 30, 1913 (103 O. L., 214), established the office of justice of the peace in each of the several townships in the different counties of the state, excepting townships in which a court other than a mayor’s court then existed or might thereafter be created having jurisdiction of all cases of which justices of the peace had or might have jurisdiction. The jurisdiction, powers and duties of the office under that act are the same as were provided by the laws in force on September 3, 1912, among which was Section 13423, General Code, which reads in part: “Justices of the peace, police judges and mayors of cities and villages shall have jurisdiction, within their respective counties, in all cases of violation of any law relating to * * Then are enumerated *232 in this section thirteen classes of cases, including the following: “2. The prevention of cruelty to animals and children.” On May 2, 1913 (103 O. L., 279), there was filed in the office of the secretary of state an act establishing a municipal court in the city of Cincinnati, effective ninety days thereafter. Section 41 of the act (Section 1558-41, General Code) in part provides that no justice of the peace in any township-in Hamilton county, other than in Cincinnati township, nor the mayor of any village or city, shall have jurisdiction in any criminal proceeding in which a warrant or order of arrest or other process, except subpena for witnesses, shall have been served upon a citizen or resident of Cincinnati, unless such service be actually made by personal service within the township, village or city in which said proceedings may have been instituted, or jurisdiction in a criminal matter, unless the offense charged in the warrant or order of arrest shall have been committed within said township, village or city. Section 43 provides that no justice of the peace in and for Cincinnati township shall have jurisdiction to issue any warrant or order of arrest or other criminal process. By force of these provisions the jurisdiction of justices of the peace outside of Cincinnati township, over criminal matters, is limited to offenses committed within their respective townships, while a justice of the peace in Cincinnati township has no jurisdiction whatsoever over criminal matters. There can be no objection to the constitutional validity of these provisions. Although Section 26 of Article II of the Constitution imposes a limitation upon the legislative power in *233 requiring all laws of a general nature to have uniform operation throughout the state, yet it seems to be settled that, Section 1, Article IV, authorizing the establishment of inferior courts, being a special grant of legislative power upon a particular subject, the general assembly is vested with full power to determine what other courts it will establish, local if deemed proper, either for separate counties or districts, and to define their jurisdiction, and power. The State, ex rel., v. Bloch, 65 Ohio St., 370; State, ex rel., v. Yeatman, 89 Ohio St., 44. It is to be observed that the jurisdiction of no constitutional court is invaded by the sections of the municipal court act under consideration. They abridge and limit the jurisdiction of a statutory court only.
But Section 13423, supra, was amended by an act (103 O. L., 539) filed in the office of the secretary of state May 9, 1913, effective ninety days thereafter, or seven days subsequent to the taking effect of the municipal court act. The provisions of Section 13423 in force when the municipal court act became effective, were carried into the section as amended in identical language, and there are added two classes of misdemeanors.
It is the contention of counsel for respondent that this section, as amended, takes precedence over and repeals the provisions of the municipal court act in so far as they are in conflict with the section as amended; that the provisions of the municipal court act denying to a justice of the peace outside of Cincinnati township in Hamilton county jurisdiction over offenses committed in Cincinnati township, are therefore repealed, and that these justices of the *234 peace have concurrent jurisdiction, at least, with the municipal court.
It is settled that where there are contradictory provisions in statutes and both are susceptible of a reasonable construction which will not nullify either, it is the duty of the court to give such construction, and further, that where two affirmative statutes exist one is not to be construed to repeal the other by implication, unless they can be reconciled by no mode of interpretation.
Section 16, Article II of the Constitution, requires that where a law is amended, the new act shall contain the section or sections amended, and the section or sections so amended shall be repealed. In compliance with this the general assembly, when it amended Section 13423, did repeal the section as it existed prior thereto. It is to be remembered that the only change made in the statute was the addition of two classes of misdemeanors. The provisions contained in the act as amended which- were in the original act are not considered as repealed and again reenacted, but are regarded as having been continuous and undisturbed by the amendatory act. In re Allen, 91 Ohio St., 315. The amendment was not with respect to the feature of the section which confers jurisdiction on justices of the peace within their respective counties in cases pertaining to the violation of a law relating to the prevention of cruelty to animals and children and the other twelve classes of cases; that remained in legal effect as first enacted, and it is not correct to assume that it is in that respect a new statute or a later statute than the sections of the municipal court act which we are *235 considering. These two sections of the municipal court act were intended by the general assembly as an exception to the general provisions of Section 13423. That body, it must be assumed, had knowledge of the provisions of the municipal court act, and if it had intended that amended Section 13423 should repeal them, it would have been easy, in unequivocal language, to make that provision plain. The State v. Borham, 72 Ohio St., 358; Henderson v. City of Cincinnati, 81 Ohio St., 27. Another fact strengthens this conclusion. In 1914 (104 O. L., 187) certain sections of the municipal court act were amended, among which was Section 43, supra. The provisions in the amendment are unimportant so far as the consideration of this case is concerned, but the amending of this section at all and the repealing of it as contained in the original municipal court act, seem conclusive that the general assembly recognized the existence of Section 43 and did not consider it as repealed by Section 13423 when that section was amended. This would be equally true as to Section 41.
We conclude, therefore, that Section 41 of the municipal court act has not been repealed, but is in full force and effect, and that the justice of the peace in the case at bar had no jurisdiction to issue a warrant for the arrest of the petitioner nor jurisdiction over the alleged offense'.

Judgment affirmed.

Johnson, Donahue, Jones and Matthias, JJ., concur.